[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is defendant's motion to vacate and/or correct an CT Page 2171 arbitration award. The arbitrators, in their July 9, 1991 finding and award and September 3, 1991 corrected finding, found the following. The plaintiff, Debra Guertin, was a passenger in Barbara Rinaldi's car on March 2, 1985. The car was struck by Anthony Fasulo's vehicle, which crossed over the centerline. The Fasulo vehicle was covered by a $100,000 liability policy, while the plaintiff had $200,000 of uninsured motorist coverage with the defendant. Although the Fasulo policy was exhausted, the plaintiff only received $61,290.13, the remainder of the $100,000 coverage going to other claimants.
The arbitrators determined the plaintiff's actual damages to be $150,000. Holyoke was therefore ordered to pay the plaintiff $83,709.87, that being the difference between the $150,000 award and the $61,290.13 received under the Fasulo policy, less a $5,000 no-fault payment made by Holyoke. On October 11, 1991, the defendant moved to vacate and/or correct the award on the ground that the plaintiff could only recover the difference between $150,000 and the $100,000 limit of the Fasulo's policy, regardless of how much she actually received from the policy. The plaintiff argues that the arbitrators decided this issue correctly and both parties have filed supporting memoranda of law.
In reviewing this arbitration, this court "must conduct a de novo review of the interpretation and application of the law by the arbitrators." American Universal Ins. Co. v. DelGreco,205 Conn. 178, 191 (1987). The amount of the set-off that the defendant is entitled to is a question of law and accordingly this court should give no deference to the arbitrators' decision on this point.
The defendant argues that American Motorists Ins. Co. v. Gould, 213 Conn. 625 (1990) supports its position that it is entitled to a set-off of the entire amount of the Fasulo policy. In Gould, the claimant was one of four passengers of a car involved in a one car accident. Id., 628. American had issued a $100,000 liability policy on the car, which policy also provided for $80,000 of uninsured motorist coverage. Id. The driver of the car also had a $40,000 excess liability policy, while the claimant, through her own insurance company, had available another $40,000 of uninsured coverage. Id. Thus, the car was covered by a total of $140,000 in liability coverage, while the claimant had available to her $120,000 of uninsured coverage. All $140,000 of the liability policies was exhausted, with the claimant receiving CT Page 2172 $21,000. Id.
The claimant argued that she was entitled to underinsured benefits because she had available $120,000 of such coverage and only received $21,000 (although arbitration revealed her claim to be worth $35,000). The arbitrators agreed with the claimant and awarded her $14,000. The supreme court held that she was not entitled to any benefits because the vehicle was not an underinsured vehicle within the meaning of the statute. Id., 630-633.
The court stated that in determining whether a vehicle is underinsured one compares the total amount of the liability coverage of the tortfeasor with the amount of uninsured coverage, and not the amount actually received by the claimant with the amount of uninsured coverage. Id. Only if the amount of uninsured coverage exceeds the value of the liability policy is the tortfeasor underinsured and the claimant entitled to benefits. Id., 630. Thus, because the tortfeasor had $140,000 of liability coverage and the claimant only had available $120,000 of uninsured coverage, the claimant was not entitled to underinsured benefits although she received only $21,000 from the liability policy.
Although the Gould court did state that the appropriate comparison is with the value of the tortfeasor's liability policy and not what the claimant actually received, this reasoning does not apply in the instant case. The court in Gould was not determining the amount of set-off of an award, but rather whether the tortfeasor was underinsured according to the statute and the claimant was entitled to any award. In the present case there is no dispute that the tortfeasor is underinsured as to the plaintiff within the meaning of the statute. Therefore the Gould case is inapplicable to the instant case and provides no guidance on this issue.
The court's discussion in the second half of the Gould decision is equally unavailing to the defendant. Because the claimant in Gould was a passenger in the tortfeasor's vehicle, she was entitled to recover, if appropriate circumstances allowed, under both the liability and uninsured portions of the tortfeasor's policy. Further, the policy contained language which stated that any uninsured benefits recovered would be reduced "by all sums . . . paid because of bodily injury. . . This includes all sums paid under Part A [liability coverage]." Id., 634. The court held that this policy language meant that the uninsured benefits recovered by the claimant would be reduced by all sums paid out, including sums paid to other injured parties, and not just sums paid to the claimant. Id., 635.
In Gould, the court was interpreting the interrelationship of CT Page 2173 the liability and uninsured coverage portions of the same policy "only to determine whether the policy can be construed to afford greater coverage than the statute requires." Id., 634. In the instant case, however, there is no such interrelationship of two portions of the same policy. This case involves only the interpretation of an insured motorist policy and Gould does not support the defendant's position.
The supreme court has held that a claimant should not recover less under uninsured coverage when a tortfeasor carries some coverage than one would be able to recover if the tortfeasor carried no insurance. Nationwide Ins. Co. v. Gode, 187 Conn. 386,390-391 (1982). In the present case, there is no dispute that if the tortfeasor had carried no insurance, then the plaintiff could recover for the full amount of her damages under her uninsured coverage. That amount, as found by the arbitrators, would be $150,000. If the court were to accept the defendant's interpretation, the plaintiff could only recover $106,290.13 ($61,290.13 [already received] plus [$150,000 — $100,000] — $5,000 [no-fault payment]). This result of recovering approximately $39,000 less is contrary to the principle set forth in Gode, supra.
The policy at issue provides in part that any "amounts otherwise payable under this [uninsured motorist] coverage shall be reduced by all sums: 1. Paid because of the bodily injury . . . on behalf of persons . . . who may be legally responsible." Thus, under her policy, any amount the plaintiff can recover shall be reduced "by all sums paid because of the bodily injury." (Emphasis added). This language can only refer to sums paid because of the plaintiff's bodily injury and not-others' bodily injury, therefore entitling the defendant insurer a set-off in the amount of sums paid because of the plaintiff's bodily injury, or $61,290.13. This interpretation follows the court's rule that "a limitation of liability of uninsured or underinsured motorist coverage must be construed most strongly against the insurer." American Universal Ins. Co. v. Del Greco, 205 Conn. 178, 196 (1987). (Citations omitted).
The defendant's motion to vacate and/or correct the arbitration award is denied. There is nothing in Gould to support the defendant's position, and this position appears contrary to the principle set forth in Gode, supra. Furthermore, construing the policy language against the defendant, as the court must, leads to a conclusion that only sums paid to the plaintiff because of her own bodily injury can properly be deducted from her recovery under her uninsured motorist coverage.
FRANK S. MEADOW, JUDGE CT Page 2174